1  Todd M. Friedman (216752)
   Meghan E. George (274525)
2  Adrian R. Bacon (280332)
3  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
   21550 Oxnard St., Suite 780
4  Woodland Hills, CA 91367
5  Phone: 877-206-4741
   Fax: 866-633-0228
6  tfriedman@toddflaw.com
7  mgeorge@toddflaw.com
   abacon@toddflaw.com
8  *Attorneys for Plaintiff*

9           IN THE UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE KILLPACK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC; DOES 1-100, INCLUSIVE,<br><br>Defendant.. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff JULIE KILLPACK ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant NORDSTROM, INC. (hereinafter "Defendant") to stop Defendant's practice of double charging consumers for purchases, causing consumers such as Plaintiff, to exceed the limit on their credit cards, and to obtain redress for a nationwide class of consumers ("Class Members") who suffered damages, within the applicable statute of limitations period, as a result of Defendant's improper method of charging consumers.

2. Defendant is a corporation with principal place of business in Washington and state of incorporation in Washington and is engaged in the sale and distribution of retail goods.

## JURISDICTION AND VENUE

3. This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

4. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the internet services from Riverside County and Defendant provided the services to Plaintiff in that location. Plaintiff resides in the Central District of California and Defendants do business, inter alia, in the Central District of California.

5. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the

matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

6. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

7. Plaintiff Julie Killpack is a citizen and resident of the State of California, County of Los Angeles.

8. Defendant NORDSTROM, INC. is a corporation company with its principle place of business located and headquartered in Seattle Washington. Defendant conducts business in the State of California, and has many store locations throughout. Defendant's State of Incorporation is in Washington.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

10. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

11. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants, aided and

1  abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

12. On November 27, 2016, Plaintiff placed an online order with Nordstrom, Inc., for an order in the total amount of $240.00. Plaintiff used a Virgin America Visa Card, issued by Comenity Bank, for the purchases.

13. On December 1, 2016, Plaintiff noticed additional charges from Nordstrom, Inc., on her credit card statements. These charges were in the amounts of $78.84, $78.84, and $19.75.

14. Plaintiff immediately contacted Customer Service for Defendant Nordstrom, Inc., and was told that the additional charges were simply "authorization" charges, which would drop off within 7-10 days.

15. However, due to the additional "authorization" charges, Plaintiff card was over her credit limit, which caused Plaintiff to lose the Virgin America airlines points she would otherwise have incurred as a result of her purchases, thus causing her to suffer additional damages.

16. Defendants profit from the sale of their retail products to Plaintiff. If Plaintiff had known that Defendants were going to add unauthorized retail charges to her account, thus sending her over her credit limit, Plaintiff would otherwise never have purchased any items from Nordstrom, Inc.

17. Defendants never informed Plaintiff that she would incur unauthorized "authorization" charges, which would remain on Plaintiff's account for 7-10 days, despite their representation to Plaintiff at the time that this was a "common practice."

18. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease placing these unfair business practices.

19. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

CLASS ACTION COMPLAINT

20. Plaintiff alleges that such conduct is part of a common scheme to mislead consumers, is an unfair business practice, and causes damage and harm to consumers such as Plaintiff who are caused to exceed their credit limits and suffer penalties due to these unauthorized charges.

21. Plaintiff would not have purchased the products and services if she knew that she would incur the unauthorized "authorization" charges, which would cause her to go over her credit limit and suffer penalties.

22. Had Defendants properly represented their intent to charge additional "authorization fees", even for a period of 7-10 days, Defendant should have made this representation clearly to Plaintiff.

23. Plaintiff gave her money, attention and time to Defendant because of the price that the internet service was advertised. Defendants benefited from falsely advertising the prices of the service. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

24. Had Defendants properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the internet services would have believed that it was the price it actually way.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

26. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase retail products from Defendant, and who incurred unauthorized "authorization" charges during the transaction

27. As used herein, the term "Class Members" shall mean and refer to the

members of the Class described above.

28. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

29. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

30. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

31. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

32. Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

33. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling products to Plaintiff and other Class Members;

    (b) Whether Defendants made misrepresentations with respect to the products sold to consumers;

    (c) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.* and California Bus. & Prof. Code § 17500, *et seq.*;

    (d) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.* and California Bus. & Prof. Code § 17500, *et seq.*;

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

34. Plaintiff is a member of the class she seeks to represent

35. The claims of Plaintiff are not only typical of all class members, they are identical.

36. All claims of Plaintiff and the class are based on the exact same legal theories.

37. Plaintiff has no interest antagonistic to, or in conflict with, the class.

38. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

39. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

40. Common questions will predominate, and there will be no unusual manageability issues.

## SECOND CAUSE OF ACTION
## Violation of Unfair Business Practices Act
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

41. Plaintiff incorporates by reference each allegation set forth above.

42. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

43. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

44. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

///

45. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's practice of forcing them to incur unauthorized "authorization" charges. In Plaintiff's case, this pushed her over her credit card's limit. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

46. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

47. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided.

48. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

49. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

50. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

51. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase products from Defendant under the basic assumption that they would be charged certain price

when in fact they were also going to incur unauthorized "authorization" charges, which would be applied to their method of payment. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

52. As explained above, Defendant deceived Plaintiff and other Class Members by concealing any mention of these "authorization" charges.

53. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

54. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

55. As explained above, Defendant deceived Plaintiff and other Class Members by representing the retail products as being a lower price than they were, as a result of unauthorized charges that Plaintiff and the other Class Members would incur upon purchase of the retail products.

56. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase retail products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented price and charges which would be applied to a purchase of Defendant's retail products, Plaintiff and Class Members would not have purchased the retail products from Defendant. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

57. These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et*

*seq..*

58. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions

## MISCELLANEOUS

59. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

60. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

61. Plaintiff, on behalf of herself and the Class, requests the following relief:

 (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

 (b) An order certifying the undersigned counsel as Class Counsel;

 (c) An order requiring NORDSTROM, INC;, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

 (d) An order requiring NORDSTROM, INC; to engage in corrective advertising regarding the conduct discussed above;

 (e) Actual damages suffered by Plaintiff and Class Members as

applicable or full restitution of damages suffered by Plaintiff and Class Members as a result of the "authorization" charges during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: September 15, 2017    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff